# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| KEVIN ANTHONY STRAUB, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:18-CV-168-CDP |
| JASON LEWIS, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of pro se plaintiff Kevin Anthony Straub, an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. Having reviewed the motion, the court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will waive the initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Amended Complaint[1]

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), brings this action under 42 U.S.C. § 1983 against the following defendants: Jason Lewis, Warden, SECC; Anne Precythe, Director of the Missouri Department of Corrections ("MDOC"); Paula Reed, Assistant Warden, SECC; and Clifton Cossey, Case Manager, SECC. Plaintiff is housed in SECC's Administrative Segregation Housing Unit One.

Plaintiff has been confined at SECC since April 12, 2018. Between April 12 and April 29, 2018, plaintiff filed ten informal resolution requests ("IRRs") regarding the conditions of his confinement. Plaintiff alleges that on April 29, 2018, defendant Clifton Cossey refused to give plaintiff another IRR form, and plaintiff wrote a letter to defendant Anne Precythe to complain. Plaintiff states his letter was received and reviewed by defendants Ann Precythe, Jason Lewis, and Paula Reed. The constituent services office stamped his letter on May 10, 2018 with a stamp that stated "Filed 10 this year already." Plaintiff alleges his constitutional rights are being violated by defendants' refusal to allow him to file more IRRs.

In addition to not being allowed to file additional IRRs, plaintiff complains of various conditions in his administrative segregation unit, including that the inmates have no access to a telephone; rodents live in the cells; staples are not allowed on inmate's incoming non-legal mail;

---

[1] On September 20, 2018, plaintiff filed a motion for leave to amend his complaint, along with his proposed amended complaint. *See* ECF Nos. 12 and 13. The Court will grant plaintiff's motion to amend, and will review plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e). The Court will deny as moot plaintiff's previously-filed motion to add defendant Clifton Cossey, because plaintiff's amended complaint has already added this defendant. *See* ECF No. 5.

bugs live in the sinks and toilets; cells are damaged; windows are scratched; showers are allowed only once every three days; towels are not allowed in the cells; and no shampoo is available.

Plaintiff attaches to his amended complaint the letter he wrote to MDOC Director Anne Precythe on April 29, 2018.[2] In addition to the plaintiff's complaints already listed, this letter adds that prison officials "have us offenders walking around in our underwear with no pants. Multiple C.O.'s made sexual comments to me walking and being in my cell with no pants on."

For relief, plaintiff requests an injunction compelling defendants to provide towels, telephones, and shampoo to all offenders in his administrative segregation housing unit. He also wants the Court to order defendants to repair the cells, and to provide unlimited IRRs to offenders. Plaintiff also requests $10,000 in punitive damages and $10 in nominal damages.

**Discussion**

Plaintiff's alleged constitutional violations are threefold: (1) the conditions of his confinement are unconstitutional; (2) he has a constitutional right to file grievances, which is being denied; and (3) the guards are violating his constitutional rights by making sexual comments toward him. For the following reasons, the Court finds that plaintiff cannot state a plausible claim for relief under 42 U.S.C. § 1983.

*(1)    Conditions of Confinement*

To state a claim for unconstitutional conditions of confinement under the Eighth Amendment, an inmate must show that the alleged deprivations denied him the minimal civilized measure of life's necessities and that defendants were deliberately indifferent to excessive risk to his health or safety. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992) (to establish objective component of conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities."); *see also Wilson v. Seiter*, 501 U.S. 294, 304-

---

[2] The Court will construe this letter as part of the pleading for all purposes. *See* Fed. R. Civ. P. 10(c).

05 (1991); *e.g., Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995) ("Eighth Amendment does not absolutely bar placing an inmate in a cell without clothes or bedding."). To plead a plausible § 1983 conditions of confinement claim, plaintiff must raise facts suggesting that (1) objectively, he was subjected to conditions creating a substantial risk of serious harm to his health or safety; and (2) subjectively, defendants were deliberately indifferent to the risk of harm posed by those conditions. *See Davis v. Oregon Cty., Mo.*, 607 F.3d 543, 548-49 (8th Cir. 2010).

Plaintiff's allegations regarding the lack of towels, telephones, stapled mail, and the presence of rodents, bugs, and needed repairs in his administrative segregation unit do not rise to the level of "extreme" such that plaintiff is being denied the minimal civilized measure of life's necessities. Objectively, the Court cannot find these conditions create a substantial risk of serious harm to plaintiff's health or safety. Plaintiff has alleged no injury arising out of these conditions and no serious harm to his health or safety. Moreover, the Court cannot find prison officials at SECC "recklessly disregarded a known, excessive risk of serious harm to plaintiff." *Id.* at 549. Because plaintiff cannot state a plausible claim of a constitutional violation arising out of his conditions of confinement, the Court will dismiss plaintiff's claims under 28 U.S.C. § 1915(e)(2).

*(2) Denial of IRRs*

As to plaintiff's claim that he has been refused IRRs by SECC staff, this claim also fails to allege a plausible constitutional violation under § 1983. There is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (prison officials' failure to process grievances, without more, is not actionable under § 1983). "A grievance procedure does not confer any substantive constitutional right upon prison inmates." *Bostic v.*

*Babich*, No. 1:07-CV-14-ERW, 2008 WL 906801 at *7 (E.D. Mo. Apr. 3, 2008) (internal quotation omitted). Therefore, "the denial of grievances, in and of itself, cannot support a substantive constitutional claim." *Walls v. Highsmith*, No. 4:07-CV-1897-DJS, 2007 WL 4468694 at *2 (E.D. Mo. Dec.17, 2007) (citing *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002)). Moreover, it is well established that there is no federal constitutional liberty interest in having prison officials follow prison regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

Plaintiff complains that after he filed his tenth IRR in April 2018, prison officials began denying him the ability to file additional IRRs. He does not allege that this was done to discipline plaintiff for filing grievances, which might state a claim for retaliation. *See, e.g., Sprouse v. Babcock*, 870 F.2d 450, 452 (1989) ("That the Constitution does not obligate the state to establish a grievance procedure is, we believe, of no consequence here, since what is at stake is a prisoner's right of access to an existing grievance procedure without fear of being subjected to a retaliatory disciplinary action.") Rather, plaintiff alleges only that after his tenth grievance in a month, "Clifton Cossey refused to personally give me an IRR to challenge condition of confinement." The Eighth Circuit has recognized that "prisoners must understand that if they abuse the system by repeatedly filing ill-founded grievances, reasonable limitations may be placed on their access to the procedure." *Id.* (citing *In re Tyler* 839 F.2d 1290 (8th Cir. 1988) (per curiam) (affirming order of district court limiting petitioner to one filing per month)).

Because plaintiff has no constitutional right to a prison grievance system, and because he has not alleged the actions of defendant Cossey were taken in retaliation to discipline plaintiff for filing grievances, his allegations that defendants violated his right to file IRRs cannot state a constitutional violation. The Court finds plaintiff has not stated a plausible claim for denial of a constitutional right under 42 U.S.C. § 1983, and will dismiss his claim.

*(3)     Sexual Comments*

Finally, to the extent plaintiff complains that he has been subject to guards' sexual comments regarding plaintiff's walking in his cell in his underwear, this allegation also fails to state a claim. First, plaintiff has not identified which correctional officers are subjecting him to this harassment. But, even assuming plaintiff had identified the proper defendants, verbal threats, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimensions. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Plaintiff has alleged no sexual touching.[3] Having carefully reviewed the complaint and liberally construed plaintiff's allegations, the Court concludes that plaintiff has failed to allege facts to demonstrate a plausible claim that the alleged sexual comments by guards violates his constitutional rights under § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis are **GRANTED**. [ECF Nos. 2 and 14]

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an amended complaint is **GRANTED**. [ECF No. 12]

---

[3] Although even sexual touching does not necessarily rise to the level of a constitutional violation. *See*, *e.g.*, *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir.1998) (finding that conduct of prison employees in briefly touching inmate's buttocks, unaccompanied by any sexual comments or banter, was not sexual assault required to support an Eighth Amendment claim).

**IT IS FURTHER ORDERED** that plaintiff's separate motion to add defendant Clifton Cossey is **DENIED as moot** as defendant Clifton Cossey was added as a defendant in plaintiff's amended complaint. [ECF No. 5]

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel are **DENIED**. [ECF Nos. 3, 10, and 15]

**IT IS FURTHER ORDERED** that plaintiff's motion for a temporary restraining order is **DENIED**. [ECF No. 7]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2018.